Thank you, Your Honor. May it please the Court. Good morning. My name is Matt Adamson. I'm the counsel for the appellant Stalwart Capital. I'd like to reserve three minutes for rebuttal, please. All right. The issue before the Court today is whether a successor liability doctrine can ever be used to hold a successor liable for breach of contract when the predecessor, the party originally to the contract, was found not liable for the contract. That's a tough argument. Don't you think? I don't think. I think it's important to keep in mind that this is a narrow issue and that it applies to the facts of this case and to similar contracts, that this isn't a broad pronouncement that this can always occur. But what we have here under this type of contract is one party to the contract performs, and the return obligation, usually payment, is contingent on some future event. So we have performance by Stalwart in this case, and then payment is triggered by closing on a capital raise. And then after Stalwart performs, or after the one party to the contract performs, but while that future event is still contingent, the other party simply forms a new LLC. And they do it for the very purpose of taking the plaintiff's performance and putting it under a new LLC so that when the contingent event occurs, it occurs under a new name or under a new hat. But isn't Washington law against you? Washington law is not. All of the successor liability cases, I would argue, except for Dummer v. Wheeler and Jones v. Francis, none of them address this issue. They just cite the elements of the case. But if you look at really all the cases, what they're really saying is, we're not going to lay down bright-line rules because we're not going to allow people to abuse the corporate form to escape an obligation or a liability. And that if you say you always have to prove breach of contract for the first party to the contract before you can even consider whether a successor is the same entity or implicitly assume the obligation. Well, so would you tell me the Washington case that you think most strongly supports your argument that there can be successor liability when the predecessor was not liable? What's the strongest Washington case in your favor? I think it's the Dummer case versus Dummer v. Osgood. Because in that case, it was a breach of contract case. But that begs the question, then. If it's a breach of contract case, then that's saying that the predecessor was liable. The predecessor was not found liable in that case. The predecessor was dismissed from the case. But was there a breach of contract found, though? No. Well, against the successor. Okay. We had a contract that was for use of an invention. And the contingent future event was if this is still being used four years into the business, then there's going to be a minimum annual licensing fee that kicks in. What case is that you're telling me? Dummer v. Wheeler Osgood. Spell it for me. Oh, Dummer. I got it. Dummer. I have it. Okay. And so before the four years comes up, the company forms a new entity to carry on the business of the company. And they continue to use the invention. And when they get sued, the court held that at first they dismissed the original contracting party from the case. And they held that the successor was liable because, in actuality, it was considered under the law or under equitable principles, one company. It was one company between the two. So the court did, in that case, exactly what the district court said can't ever be done. And that is direct liability. Can I interrupt you just for a second? Because I want to take a giant step backward to the jurisdictional question. This case was brought in federal court based on diversity jurisdiction. And there are a number of LLCs involved. And the original pleadings made no reference to the members. It was your client's burden to show that there was complete diversity of citizenship. And it's come to the court's attention since then. And I know we're long into this, and it might seem frustrating to be back at square one. But at least ICAP Real Estate Fund II has been identified as having no members. It is a memberless LLC. And therefore, is there jurisdiction over a memberless LLC? Well, I don't think that's what the evidence shows. I think the evidence at trial was that Jim Christensen, who testified he was an agent of ICAP Real Estate Fund II, testified at trial that his brother, Chris Christensen, was the sole member of ICAP Real Estate Fund II. No, he didn't. He testified that ICAP Real Estate was owned. He's like, probably me. I don't know. It was set up. But we have a subsequent statement from the defendant saying that there were no members in ICAP Real Estate Fund II. I think the testimony you're referring to is Chris Christensen's testimony. Jim Christensen testified that his brother was the sole owner. Counsel, we don't make findings of fact. Oh, I understand. If we can't tell from the record before us that there was diversity jurisdiction in the trial court, don't we send this back to make a finding? I don't think jurisdiction was challenged, in fairness to the trial court. I don't think this was raised, but this sounds a whole lot like my trial court days, the conversation we're having right here. Right. Well, we had a trial, and we had testimony as to who the owner of that entity was. Well, if it's in the record, we can search the record to determine if it's there. In all fairness, this wasn't raised on appeal, so you do have an opportunity to try to make this showing on appeal. Well, but as Judge Christian said, we can't find facts. But if there's something in the record that would enable us to say that there's diversity jurisdiction, we can look to that. So you're telling us to look to that testimony? We submitted a supplemental excerpt to the record of Jim Christensen's testimony to add that. So, Counsel, here's my question. I agree with everything Judge Wallinson just said, but just before you, so you can keep this in mind, my view of this evidence is that we cannot conclusively decide, determine, that there was diversity jurisdiction. And I'm delighted to be corrected if I'm wrong, because this is unfortunate. But just to understand, it's not that I'm not looking at that evidence. I don't think I can get there from what I've got. Well, I think it depends on which entity you're looking at. I think for ICAP Real Estate Fund II, I think there was evidence as to who the sole member of that entity was. And I also think it raises the issue of can you have a memberless LLC, which hasn't been briefed. But if you look at the definition of an LLC under the Washington Limited Liability Company Act, it's an entity formed under this statute with one or more members. Right, but at least one member. There has to be at least one member. Right, so if there's not a member, though, that they entered into a contract, then we have an individual, essentially Chris Christensen, entering into this contract, which makes him... But for diversity purposes, we have to determine if there's a member, because then we have to determine if the parties are diverse. Well, I guess the issue is if there's no... In Washington, if there's no member, then the question is it's not even an LLC, and you just consider it to be an individual. You sued an LLC. You sued an LLC as the contracting party. You can't have a memberless LLC. And if they're memberless, they're stateless. And if they're stateless, then there's no jurisdiction. Well, I would submit the record shows they had a member, and it was Chris Christensen. And where specifically in the record does he say that he was a member? Well, Chris Christensen's testimony at trial was that it was probably me. You think that's good enough? That's hardly conclusive. Judge Benjamin goes correctly. Let's just back up. It was your burden, right? Yes. You have to establish, is this, and I just want to be clear, is that the best you've got in the record? Well, we also have Jim Christensen, who's claimed to be an agent of that entity, saying that it was his brother. What if we decide that we don't have what we need here? Well, on that entity, if it truly is memberless. On diversity, writ large, on diversity. If I can't determine, if that's the conclusion I've reached that I can't determine, I will go back and look up the references that you've added, but I think I've seen them. I don't think that's anything new. But if that's where we get to, then what do you think is the appropriate remedy here? Well, I think on that specific entity, if the conclusion is that it has no members, then the case gets dismissed, and we go to state court, and we start over, because they're not going to be able to correct that, or if it gets remanded. Well, there's a difference between not being able to determine whether diversity existed or not because the evidence wasn't, we don't have it. In other words, I wasn't at the trial court. I know what you've given us here. There's a difference, and, as Judge Wallinson indicated, as far as we can tell, this wasn't raised so that the district court had an opportunity to really take a look at it. So maybe it's in there. I'm not suggesting that I think we have what we need to determine there was not diversity jurisdiction. I'm saying that it looks to me like we can't tell there was. Well, my suggestion would be to follow the case law, and I think there's one in the First Circuit and the Eleventh Circuit where they essentially ask the parties to submit declarations as to the citizenship, and that would be asking them to do it, and then give the appellant an opportunity to respond to that. The difficulty with that is then you turn us into a fact-finding body, and that's really not our function, and that's what Judge Christian was talking about. Understood. If there's some sort of dispute, then it would go back for fact-finding, but other than ICAP Real Estate Fund II, which ultimately, if there's no member, then there's not going to be jurisdiction if that's going to be a court's decision. That can't be cured or proved up with facts if they're going to say there's no member, and they've been able to prove that. As to the other entities, though, if there's just missing evidence, then they should be able to submit that. Why couldn't we send it back to the district court for the district court to sort all of this out? Well, that would be the other solution, which I think just ends up delaying and taking more time when it's not really disputed as to the citizenship of these parties. The problem is we have to assure ourselves of jurisdiction before we act. Understood, and I think they've made an effort, the appellee has made an effort to prove the citizenship of each of these entities. I truly believe there was just sort of an unfortunate comment by Mr. Christensen, both at trial and later, where they're trying to prove, they're trying to avoid a fight of common ownership between these entities and the mere continuation doctrine, and therefore he's trying to be evasive and say, well, I didn't own this, when we all know that Mr. Christensen was the sole owner of all of these ICAP entities when they were formed. I mean, he testifies, and then he put their brief. Forgive me for interrupting, but it sounds like if you think that's the only issue, you must be of the view that the pleadings allege what they needed to allege to assert diversity jurisdiction. I will concede that under the law, as I have read it since you raised this, that the complaint does not allege sufficient facts as to jurisdiction. Okay. But I think there's also case law that even on appeal, you can fix that. Right. Okay. Did you want to save some time for rebuttal? Yes, please. All right, thank you. Thank you. Counsel? May it please the Court. Good morning to the panel. My name is James Williams, and I have the honor of being before you with my counsel, my co-counsel, Rika Connolly. We're going to divide our time. With the Court's permission, I will argue the underlying appeal, and Ms. Connolly will deal with the questions of subject matter jurisdiction that have been raised by the Court. There are three reasons why this case should be affirmed on appeal. First reason is the appellant is asking this Court to do something that no court in Washington or the Ninth Circuit has done. There's no case where you have a jury rendering a verdict that there is no liability for any of the defendants, and then you have a court subsequently saying it is going to impose successor liability. There's absolutely no case in Washington. There's no case we've found anywhere in the Ninth Circuit. There's no case we've been able to find anywhere where you have a jury rendering a verdict saying that there is no liability on the underlying common law claims, and then you have a court after the fact saying we're going to nevertheless impose successor liability. Counsel, what's your response to opposing counsel's recitation of Dummer as his best case to support the proposition that in Washington, there is a case where successor liability has been imposed despite no liability on the part of the predecessor? What's your response? I'm glad he raised Dummer, because that goes to the point I just made. There is no jury verdict in the Dummer case saying that there's no liability. In fact, it is as I think one of you said during his oral argument, there is a finding of liability in fact of $10,500. That's what this doctrine calls successor liability. The whole reason it's there is if you don't have an institution or an entity that is capable of paying something that is owed, and that something that is owed has to be created as a result of a judgment, a liability based on common law claims that have been proven either to a trier of fact as a judge or to a jury. In the Dummer case, it's even better for us because in that case, they had a direct assignment from the predecessor company to the successor. We do not have that here. There's nothing in common with Dummer in this case. The second reason why this case ought to be affirmed is this jury instruction I have in my hand. This is why we're here. This is instruction number 15 from Judge Zille talking about the law on successor liability, and we're here to tell you it's rock solid and rooted in Washington law. We know that because they've not cited one case anywhere that undermines the law as stated by Judge Zille in this order. Not one case challenging it, not one case contradicting it, not one case qualifying the articulation of what successor liability law is in Washington and how it should be applied. The third reason why this case should be affirmed is because everything you've heard this morning, everything you've been reading in these briefs is essentially a relitigation of the facts. And as the Court has said before, this is not a fact-finding tribunal. The jury in this case had four days of hearing everything you saw in that brief and a lot of what you heard this morning. Four full days of all the things you can say nasty about our clients, Mr. Christensen, about the shell game, about the fraud. Four full days of testimony, and that jury was not in doubt. Those 12 Washingtonians rendered their judgment on this case in less than two hours. Now I want to talk a little bit about the facts, the key facts that we think are dispositive here. Fact number one, there is only one contract at issue, and that one contract was executed between Stalwart and ICAP Real Estate Fund I and by Judge Zille's order assumed by ICAP Real Estate Fund II. That's it. There are no other parties to this contract. There is nobody else to be brought in or parachuted in as a party to this contract. Fact number two, the jury unanimously determined that there was no breach of contract by any defendant under any formulation of liability they came up with. Judge Zille gave them wide latitude to come up with every conceivable way to buy into a breach of contract theory, circumvention, bad faith, you name it. They heard it, and they decided no unanimously. The last point factually that we think is important is there was no liability found against Chris Christensen or ICAP Income Fund II. Under any permutation of facts, they said no to liability to these entities. Now I want to shift focus and talk a little bit about the law. I want to make sure I also reserve some time for my counsel. I actually would like to get back to the jury because it's a threshold issue. You have a very strong argument on the merits. On my scorecard, I'm just speaking for myself, but I'm concerned about diversity of jurisdiction. I'm concerned about reconciling the statement you made in your supplemental brief where you admitted that ICAP Real Estate Fund II had no members. We don't want to take your time away, though, so if there's something that you want to leave us with, I want to give you that opportunity. I just want to leave you with a few observations. I'm not going to go through the case law. He's said Dummer is his best case, and I've told you why it doesn't make sense to even follow Dummer. The point is this. Judge Zille made some factual findings in the record that we believe are entitled to deference. Under Ninth Circuit authority, where the district court has had a chance to evaluate the evidence before it, the testimony before it, and to render findings of fact, those findings are entitled to deference by this court, unless there is a clear error, a mistake. And what I'm specifically focused on is a finding of fact related to ICAP Income Fund II, where he said that there was no assumption of any kind of responsibility of the contract. There is not a piece of evidence in this record to suggest that Judge Zille got it wrong. As a matter of fact, all of the evidence says he got it absolutely right. And we would ask this court to defer to Judge Zille's judgment with respect to all of those findings of fact because we think they're spot on. He's right on the facts. He's right on the law. The last thing we'll leave you with is this. As we said in the opening of this brief, this case begins and starts with a man and an entity who want something for nothing. He didn't do the work to get a fee. The jury saw through it very quickly and rendered a judgment in our favor in less than two hours. We're asking this court to honor that jury's verdict and affirm. All right. Thank you, counsel. We'll hear from co-counsel. Good morning. I really have a hard time hearing you. All right. And keep your voice up if you could. I was actually afraid of shouting at you. I normally have the opposite problem and I didn't want to deafen everyone in this room. I wanted to address the diversity jurisdictional questions here. And before I dive into the very specific questions that the court posed in its order, I think it's important to keep in mind that I think the concern is that there's complete diversity between the parties. And there's no real dispute that Stalwart is a citizen of New Jersey. And there's nothing in the record to indicate that any of the ICAP entities, no matter how many levels you go down, at any point shared residency. Well, originally there was nothing in the record to indicate where any of these members were residents of, because the pleadings were based on the wrong level of analysis. It talked about where these were formed, not the members. Now, subsequently you've submitted a lot of information about the members of ICAP income fund, too. And frankly, I'm satisfied that the information you've provided for that entity is sufficient at this point. I am primarily concerned, though, about ICAP real estate fund, too, and your client's admission that it had no members. Yes, Your Honor. I think our understanding of Washington LLC law is that without an LLC operating agreement to appoint a member, that you don't have a membership that can establish. And here, there was no LLC agreement that was ever executed. So does that mean that the LLC had no members and therefore was stateless? Well, no, I think there are two different questions Your Honor just posed. Can you have a member appointed to an LLC under Washington law without an LLC agreement? And now that having looked back at the RCWs and the Uniform Limited Liability Company Act, I think there is some wiggle room to be able to find that a member was appointed because it's reflected in the records of the company, and that's in RCW 2515.116. But that is a question of fact, as this panel has already raised, that I don't think there's enough in the record before us to reach that conclusion. But I think there are ways that you can get a member appointed. But your second question, I think, is the more interesting. What happens when this LLC is memberless? And I don't think that it is a foregone conclusion that a memberless LLC must also be stateless. For one, there's no controlling authority on that. I think all we've been able to find are three district court opinions. Two of them really just cite back to this ConnectU v. Zuckerberg case. And in that ConnectU case, the magistrate judge only has one conclusionary sentence, where he just focuses on Delaware LLC law, and then after getting through that analysis says, well, memberless must mean stateless. And I would submit that's the wrong result when you look at the Supreme Court case law that establishes what happens to a stateless individual and the very purpose for diversity jurisdiction. Well, isn't the rule, if you're stateless as an individual, you cannot establish diversity jurisdiction? Yes, but you're absolutely right, Your Honor. But what they found there is that in cases like the Newman Green v. Alfonso Lorraine case, which I think is the leading case that looked at what happens when an individual is stateless. The problem the court faced there is that that individual was a U.S. citizen but lived abroad, and there was nothing they could find that tied that individual to any one state so that they could say they are a citizen of the state. We have a very different factual situation here where there's a lot of evidence that ICAP, Real Estate Fund II, is a citizen of Washington. Is that a finding of fact, then, when you talk about this evidence, this indicia of citizenship? Yeah. Who's going to make that finding? I think this court would need to make that finding. Oh, you think we'd make it here? It wasn't a trick question. I'm trying to find my way through the thicket. I think in cases like Newman Green and other cases where diversity jurisdiction has come up after it sailed under the radar, unfortunately, at the district court level, the appellate court has taken the liberty to look at the record and I think make the necessary findings. I think it's been for judicial economy rather than sending it back. To a certain degree we can do that, but we can't take evidence. And I think we're coming perilously close to that if you're asking us to make fact finding. What would be your response to a decision from the panel remanding this matter to the district court and retaining jurisdiction in the event the district court determined that there was, in fact, diversity jurisdiction? Would you be opposed to that? No, Your Honor. I'm not sure this is a factual finding as much as at this point it's a legal conclusion. You've admitted that the LLC was memberless and want us, I think, to consider it then as if it were like a corporation and look at the state where it was formed to determine its citizenship. But that sort of defeats the whole statutory analysis that an LLC is not resident where it's formed. It is a citizenship of its members. If it has no members, it can't be just default to being a citizen of the state it was formed in. That turns jurisdictional requirements on its head. You're making an LLC a corporation then and it's not. I would respectfully disagree that it turns the jurisdictional analysis on its head because I think if we go back, the purpose for the diversity jurisdiction requirement is to provide a federal forum for important disputes where state courts might favor or be perceived as favoring home state litigants. And this court has warned against having legal technicalities and legal fictions allowing a purely local institution engaged in local business and in many cases locally owned, securing for itself diversity jurisdiction because of a technical legal forum. Counsel, forgive me, but that's the part we know. And we're willing to look at the facts, the evidence you've got in the record. And it sounds like you think that if we swept it up, we might have enough to get to the legal conclusion you want us to get to. Can you tell us just what do you think you've got in that record? And I'll just make a list here. I'm happy to go back and re-review, but what is it that's in there? Okay, and to make sure I understand your question, you're asking what's in the record for ICAP real estate fund two to show that it was a Washington citizen. That's my problem. Okay, so we have the fact that the formation documents, which are at Supplemental Excerpt of Records 257 to 259. And I think you'll see there that really is the primary evidence we have. That certificate of formation shows that it was formed under Washington law. The registered agent was a Washington company. The principal place of business was in Washington. The manager was in Washington state. There is the private placement agreement for that company as well that shows that it was based here in Washington. And to the extent it ever meant to do any business, it was going to be based here in western Washington to raise money in Puget Sound. But counsel, does that take care of the LLC problem and the lack of member? I misunderstood, I think. I thought you were suggesting that in the record there was sufficient evidence from which we could find support for the notion that there was a member.  Did I misunderstand? Yes. I'm sorry. I think there's enough evidence here to show that instead of being stateless, this LLC was a citizen itself. Because there's so many factual ties here that I think... But that goes past the requirement that we look at the membership of the LLC. And the citizenship. It does, but I mean this is not a situation, I think it's a highly unusual situation that is sort of like trying to fit a square peg into a round hole. The answer is we're a court of limited jurisdiction and if you can't fit in our round hole, your square peg should have been in state court. Perhaps, but I think it would be very hard to argue here that that real estate fund, too, would be considered truly no member of any state because the concerns about it having a hometown advantage would truly be evaded. Do you stand by the representation that the LLC had no members? I think it goes back to whether you can have an LLC member appointed without an LLC agreement. Well, the problem is if we decide to remand it to the district court, if there's a concession that there are no members, we may as well just make the legal ruling now. If there's some evidence that can be presented to the district court, then perhaps we could remand it for the district court to take that evidence. But if your representation now is that there are no members, then that makes it much easier for us. And so just relatedly, I thought you said that under RCW 2515, whatever it is, 116, that there might be enough in the record to find a member. And I think I must have just written down or misunderstood your... Oh, I see. Okay. No, well, and I think it's the evidence that Stalwart has identified about the testimony from Mr. Christensen and Jim about who was the likely owner and operator. Okay, so then I would just like to repeat and ask you to answer Judge Rollinson's question. Are you standing by the concession? What's your position on whether or not there was a member? I think it's unclear based on the factual record we have. Well, I mean, it's your client. I mean, you've represented to the court in your supplemental briefing there were no members. Probably is at trial talking about a completely different issue. Don't help me. Either there were members of this LLC or there weren't. And I think it's been your position, and you really can't waffle on it now, is there were no members. Yes? The position we've taken consistently in our inauguratory responses and before the district court is that there is no LLC agreement. And therefore there are no members. Right. Thank you. I'm very much in the red, Your Honor. Thank you. Thank you, Your Honor. Your Honor, real quick, if there's no members, then the case has to be dismissed. Because there's no reason to remand because the case law is legion across the country that a stateless entity destroys jurisdiction. There's numerous cases out there in terms of partnerships where one partner is stateless for whatever reason. And that same case law would apply here. But if the court is going to consider the merits, I want to just briefly touch on the merits of this. You know, in referring back to the Dummer case, if you look at ICAP's brief, they actually essentially admit that we're correct on the merits. Because they say that under Dummer v. Wheeler, the court resolved the case by applying the alter ego doctrine and finding that the successor was, in fact, not a successor, but legally the same entity as the predecessor, hence an alter ego, and therefore liable. After liability had been found, right? No. The original entity was dismissed from the case. There was no finding of liability. The original entity was no longer using the license and therefore could not have been found liable. They resolved it by finding that the successor and the predecessor were the same company. And this raises the issue when you have performance by one party, like a broker, and then his payment obligation is contingent on some future event, and a new entity is formed for the very purpose of preventing the original company from becoming liable for breach. So what does this language mean in Dummer on page 382? It was further alleged that September 15, 1933, the Wheeler Osgood Company assigned and transferred all of its rights under the contract to defend the Wheeler Osgood Sales Corporation, which company then became liable to the plaintiff. What's that finding of liability? Well, that's an allegation from the complaint. What happened in the case, actually, is, and it's not entirely clear from the record, but it wasn't, the final decision in the case was based on alter ego and the fact that these were two companies. Well, alter ego is no different than successor liability. Neither one of them is a cause of action. It requires an underlying cause of action, like breach of contract. And the question is, do you determine, are these alter egos, are these the same entities, before we determine whether that entity breached the contract, or do we look at just the first one? And if you're only going to look at the first one, it allows people to form a new entity for the very purpose of preventing a breach from occurring under the contracting entity, and then the breach occurs under a successor entity. Does it matter to your analysis that the district judge found that these entities were doing separate things, that they were not the same, they had substantially different investment vehicles that they were pursuing? So I don't think that that's, all he was referring to was that they were selling debentures, which is a debt, they were raising debt equity versus selling equity or shares. It doesn't, they were all pursuing the same thing. We have the private placement memorandum from each entity, which describes the business model as exactly the same. That was a finding of fact that the court made, that they were separate, they were different entities. And aren't we bound by that? I don't believe that that was the court's finding. The court essentially said that these entities were, the second entity was formed for the very purpose of escaping liability, and that they had admitted during the case, in interrogatory answers, that there was no legitimate difference between these entities. Counsel, what's your response to opposing counsel's reliance on the jury instruction that described successor liability and the jury's subsequent determination of no liability? What's your response to that? The jury instructions on successor liability were what we've assigned as error. They were advisory only. The district court reserved ruling on those. And all of this was briefed to the district court in connection with entering the findings of fact and conclusions of law. But do you, so you take issue with the jury instruction as not being consistent with Washington law? Correct. Okay. I mean, the jury instruction and the court found that we would have to hold, prove that ICAP real estate fund two breached the contract before its successor could be found. Right. How are we supposed to prove that when a new entity was formed for the very purpose of taking the benefits of Stalwart's performance and putting that under a new entity and raising capital under that new entity? So the original entity says to the jury, hey, this contract requires us to pay only if we raise capital, and we never raised capital. Those guys did. But that was formed for the very purpose of doing that. We understand your argument, counsel. Thank you. Thank you to both counsel for your helpful argument, all three counsel for your helpful argument in this case.
judges: Rawlinson, Christen, Bencivengo